Melvin v. Comm'r of Corrections          CV-97-192-SD   08/19/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


David Melvin

    v.                                    Civil No. 97-192-SD

Commissioner of Corrections, et al


O R D E R

Invoking Rule 404(b), Fed. R. Evid.,[1] plaintiff pro se David Melvin moves for entry of what he perceives to be "prior bad acts." Specifically, plaintiff seeks admission of affidavits executed by fellow inmates at New Hampshire State Prison (NHSP). Allegedly, these affidavits concern what plaintiff perceives to be similar instances of reassignment of NHSP inmates without due process of law.[2]

It is well established that Rule 404(b)'s terminology, "other crimes, wrongs, or acts," includes conduct that is neither criminal nor unlawful if it is relevant to a consequential fact. 2 WEINSTEIN'S FEDERAL EVIDENCE § 404.20[2][a], at 404-35 (2d ed.

---

[1]Rule 404(b), Fed. R. Evid., provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

[2]No objection to the motion has been filed by defendants within the time period allowed for such objection.

Matthew Bender 1998). To be admissible under Rule 404(b), however, such evidence must be both "'specially probative of an issue in the case--such as intent or knowledge--without including bad character or propensity as a necessary link in the inferential chain,' and meet[] the requirements of Rule 403." United States v. Bartelho, 129 F.3d 663, 677 (1st Cir. 1997) (citing and quoting United States v. Frankhauser, 80 F.3d 641, 648-49 (1st Cir. 1996)). And evidence must have special relevance to an issue in the case to meet the "specially probative" element. Id. (citing United States v. Fulmer, 108 F.3d 1486, 1502 (1st Cir. 1997)).

At this stage of the proceedings, however, it would be premature for the court to attempt to ascertain whether testimony[3] of the type set forth in the affidavits would be admissible at trial. Accordingly, the motion is denied as premature without prejudice to plaintiff's right to renew same when the case is calendared for trial.

SO ORDERED.

---

Shane Devine, Senior Judge
United States District Court

August 19, 1998
cc: David Melvin, pro se
    Daniel J. Mullen, Esq.

---

[3]Ordinarily, affidavits are barred by the hearsay rules of evidence unless admissible for special purposes, such as in summary judgment proceedings. Plaintiff can, of course, issue subpoenas for testimony from such witnesses as he believes necessary to prove his case when the case is set for trial.

2